# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

        **Plaintiff,**

     -vs-

**V & J FOODS, INC., and
V & J EMPLOYMENT SERVICES,**

        **Defendants.**

Case No. 05-C-194

## DECISION AND ORDER

This matter relates to allegations of sexual harassment and hostile work environment by Ms. Samekiea Merriweather against Anthony Wilkins, General Manager at a Burger King owned and operated by the defendants (collectively V&J). The EEOC has brought a motion to compel discovery under Civil Local Rule 7.4.[1] EEOC requests an order compelling V&J to provide: (1) complete answers to EEOC's Third Set of Interrogatories; (2) complete answers to EEOC's Interrogatories 15 and 16; and (3) all documents responsive to EEOC's Document Requests 24, 25(b), 28, and 29. The Court will consider each discovery request separately or in combination, as appropriate.

**Third Set of Interrogatories; Interrogatories 15 and 16**: V&J notes that it has already provided answers to EEOC's Third Set of Interrogatories. *See* Attachment A, Defendant's Response to Plaintiff's Motion to Compel. Further, V&J has supplemented its responses to

---

[1] V&J's motion for summary judgment is fully briefed and ready for decision by the Court. This decision does not affect the motion for summary judgment.

Interrogatories 15 and 16. *See* Defendant's Response to Plaintiff's Motion to Compel. The motion to compel **DENIED** as moot with respect to these items.

**Document Request 24**: EEOC requests documents relating to sexual harassment training. V&J indicates that it is in the process of transferring responsive items, the logistics of which are being resolved "expeditiously." EEOC's motion is **GRANTED** to the extent necessary to ensure delivery of these items.

**Document Requests 25(b) and 28**: EEOC's Document Request 25(b) requests all documents describing the health, dental, vision, and life insurance available to hourly employees. Document Request 28 requests all documents which describe the employment benefits which are the subject of interrogatory 15, which in turn requests the cost to V&J of providing health insurance to an hourly employee. In response, V&J argues that (1) Ms. Merriweather, as an hourly employee, never elected health insurance coverage; and (2) even if she did, the costs of such coverage is borne by the hourly employee, not V&J. Therefore, this information is not relevant to Merriweather's damages as an hourly employee. EEOC's motion is **DENIED** with respect to these document requests.

**Document Request 29**: Document Request 29 requests all document which describe the employment benefits described in interrogatory 16, which requests the cost of medical, dental, disability, life, 401(k), and vacation benefits provided to assistant managers, as well as the annual cost to V&J from 2003 to the present. V&J objects because Merriweather was an hourly employee and there is no evidence to suggest she would be promoted to a position to receive these benefits in the foreseeable future. The Court is not in a position to evaluate Merriweather's possible entitlement to front pay. Nonetheless, such information might be relevant to this claim. *See, e.g., Vernon v. Port Authority of New York and New Jersey*, 220 F. Supp. 2d 223, 236-37

(S.D.N.Y. 2002) (front pay award includes difference between current salary and salary that would have been earned if promoted, including pension benefits would have earned at higher salary).

V&J also argues that the request imposes an undue burden given the level of turnover and job reclassifications in the quick serve food industry. Also, V&J represents that costs are not segregated by class of "assistant managers." V&J has not demonstrated that any alleged burden outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(iii). EEOC's motion to compel is **GRANTED** with respect to Document Request 29.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** EEOC's Rule 7.4 motion to compel [Docket # 62] is **GRANTED IN PART** and **DENIED IN PART**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2006.

        **SO ORDERED,**

        **s/ Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**