## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05-0194 ) ) |
| V&J FOODS, INC. and V&J EMPLOYMENT SERVICES, INC. | ) CONSENT DECREE ) AND ORDER ) |
| Defendants. | ) ) |

This action was filed by the Equal Employment Opportunity Commission ("Commission") against defendants V&J Foods, Inc. and V&J Employment Services, Inc. ("V&J") pursuant to Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Samekiea Merriweather. The EEOC alleged Ms. Merriweather was adversely affected by such practices when one manager at one of defendant's Burger King restaurants subjected her to sexual harassment, created a hostile working environment, and discharged her because of her refusal to submit to the harassment and because of her opposition to such unlawful employment practices. Defendants V&J Foods and V&J Employment Services, Inc. denied the allegations and asserted, in part, that Ms. Merriweather failed to take advantage of opportunities to prevent, mitigate, and/or correct any conduct, problem or complaint, including without limitation failing to take advantage of opportunities and procedures provided by defendants.

The Commission and Defendants (the "parties") have agreed to resolve this matter pursuant to this Consent Decree, without continuing to trial on the merits of the Commission's claims.

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, it is **ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Decree.

2.      The terms of this Decree are adequate, fair, reasonable, equitable and just.

3.      This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII, and will be in the best interests of the parties, those for whom EEOC seeks relief, and the public.

4.      This Decree resolves all claims the EEOC brought or could have brought arising out of the Charge of Discrimination filed by Samekiea Merriweather against V&J, EEOC Charge No. 260-2004-00017C. The parties further agree that this Decree does not resolve any other claims.

**INJUNCTIVE RELIEF**

1.      Injunction.

V&J is hereby permanently enjoined from engaging in any employment practice that permits or condones sexual harassment. V&J is also hereby permanently enjoined from engaging in discrimination or retaliation of any kind against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under Title VII.

2

2.    Dissemination of Policy Statement.

V&J agrees to issue and disseminate to all its employees who work at or manage its Milwaukee-area Burger King restaurants, within 30 days of execution of this Consent Decree, an effective policy in regard to sexual harassment and retaliation, including a clear and effective complaint procedure, a procedure for proper and effective investigations, and a statement setting forth clearly and openly the discipline V&J will impose on offenders. Once each year for the next two (2) years, V&J shall re-issue the policy statement on an annual basis, to all its employees.

3.    Training.

V&J shall provide training in regard to the policy described in the preceding paragraph, to all its employees who work at or manage its Milwaukee-area Burger King restaurants, once per year for the next two (2) years from the date of entry of this Consent Decree and Order, and shall annually provide the EEOC's Milwaukee Area Office with a certification of training indicating the date and description of the training provided. Such training shall be conducted by one or more outside trainers chosen by V&J with the consent of the Commission (which shall not be unreasonably withheld), and shall include training in regard to sexual harassment, complaint procedures, investigation procedures, discipline, and retaliation. Employees first hired after the training has been provided for that calendar year need not receive the outside training until the next year's session, but shall at orientation receive the substance of the training from V&J personnel.

3

4. Posting.

V&J shall place a public notice, in a conspicuous place visible to all employees, at all of its Milwaukee-area Burger King locations, for a period of two (2) years from the date of entry of this Consent Decree and Order. The notice shall be in a form attached as **Exhibit A**, and shall be captioned "Notice To All Employees," which indicates, in part, that V&J's owners personally do and did not condone any discriminatory practices and there was no claim that they were aware of the alleged harassment.

5. Certification to Commission.

Upon each annual compliance with the foregoing provisions in paragraphs 2 through 4 of this Injunctive Relief Section, V&J shall promptly certify to the undersigned counsel for the Commission that it has complied with them.

6. Reporting.

V&J shall report in writing to the EEOC's Milwaukee Area Office, every six months starting with June 30, 2008 and continuing for two (2) years from the date of entry of this Consent Decree and Order, all complaints of sexual harassment or retaliation arising at V&J, with details including the specific facts of the complaint, the persons involved, and the actions taken by V&J to promptly and effectively deal with the complaint.

7. Record Retention.

For two (2) years from the entry of this Consent Decree and Order, V&J shall maintain all records pertaining to the complaints reported in paragraph 6 hereof. V&J shall also maintain records of its training conducted in paragraph 3, including lists of those trained. V&J shall make such records available for inspection by the Commission pursuant to Paragraph 8 hereof.

4

8.    Right of Entry for Inspection.

The Commission shall have the right, on 72 hours' written notice to V&J's Counsel, to enter upon V&J's offices and inspect any relevant documents or records for the purpose of determining V&J's compliance with this Consent Decree and Order.

**MONETARY RELIEF**

V&J agrees to pay $42,500, less appropriate deductions on $25,476.00, the portion of this sum which is not awarded as compensatory or punitive damages, to Ms. Merriweather, in the following manner: 50% of the total sum on or before June 30, 2008, and 50% on January 2, 2009. V&J shall pay its own share of all applicable withholdings, which shall not reduce the award. V&J shall mail the payment to Ms. Merriweather at her home address, which shall be provided to V&J, and shall simultaneously provide a copy of the payment check(s) to the undersigned counsel for the Commission.

**SO ORDERED, ADJUDGED AND DECREED this** *10* day of *June*, 2008.

United States District Court Judge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.   20507

RONALD S. COOPER
General Counsel

5

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee Area Office
310 W. Wisconsin Ave., Suite 800
Milwaukee, WI 53203-2292
Phone (414) 297-1130

s/John C. Hendrickson                              Date: June 4, 2008
JOHN C. HENDRICKSON
Regional Attorney

s/Jean P. Kamp                                     Date: June 4, 2008
JEAN P. KAMP
Associate Regional Attorney

s/Brian C. Tyndall                                 Date: June 4, 2008
BRIAN C. TYNDALL
Senior Trial Attorney

V&J FOODS, INC.

By: s/Andre E. Townsel                             Date: June 4, 2008
    Attorney for Defendants

V&J EMPLOYMENT SERVICES, INC.

By: s/Andre E. Townsel                             Date: June 4, 2008
    Attorney for Defendants

6

7

## Exhibit A

### NOTICE TO ALL EMPLOYEES

This notice is being posted by order of the Court in a lawsuit brought against V&J Foods, Inc. and V&J Employment Services, Inc. ("V&J") by the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC alleged that V&J violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), Title I of the Civil Rights Act of 1991, and 42 U.S.C. § 1981a, stating that one manager at one of V&J's Burger King restaurants subjected a V&J employee to sexual harassment, created a hostile working environment, and discharged her because of her refusal to submit to the harassment and because of her opposition to such unlawful employment practices. V& J denied the EEOC's allegations and asserted other defenses.

This case was resolved by a consent decree, a court order agreed to by the parties without a trial on the merits of the EEOC's claims or V&J's defenses.

V&J's owners personally do and did not condone any discriminatory practices, and there was no claim that they were aware of the alleged harassment. V&J has further agreed not to discriminate against any employee by permitting or condoning sexual harassment, or by permitting retaliation against any person for opposing an unlawful employment practice or for participating in an investigation of an unlawful employment practice.

Should you have any complaints of discrimination for sexual harassment or for retaliation for opposing an unlawful employment practice or for participating in an investigation of an unlawful employment practice, V&J requests that you contact the Human Resource Department at 414-365-9003 in accordance with its harassment policy. The local EEOC office in Milwaukee is also able to assist. EEOC charges no fee for its services, and has employees who speak languages other than English. EEOC's offices are accessible to individuals with disabilities.

THIS IS AN OFFICIAL NOTICE
AND MUST NOT BE DEFACED BY ANYONE

Dated: _____

8